IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES SMITH, #91945                                                     PLAINTIFF

VS.                                   CIVIL ACTION NO. 4:08cv73-HTW-LRA

DALE CASKEY, ET AL                                         DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge at the James O. Eastland Federal Courthouse in Jackson, Mississippi, on December 17, 2008. Charles Smith [hereinafter "Plaintiff"] appeared *pro se,* and Lee Thaggard, Meridian, Mississippi, appeared on behalf of all of the named Defendants.

The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1

## 1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi. Plaintiff testified under oath regarding the circumstances which led to his filing of the Complaint.

The facts as testified to by Plaintiff are as follows. While he has been incarcerated in EMCF, he has been subjected to conditions of confinement which are so poor that they violate the United States Constitution. Plaintiff contends that there are not enough staff members to operate the facility, so there is a severe lack of security. Prisoners are left in the yard for four-six hours a day because no guards are available to escort them. Prisoners are forced to urinate and defecate in the pen during this period. Restrained prisoners come into contact with unrestrained prisoners, and this places the restrained prisoner in danger. Plaintiff contends that he should not have to wait until he is injured to make a claim.

Plaintiff contends that the conditions of the prison are filthy, and that he has never been provided with mops, brooms, or cleaning supplies. The showers are nasty, and he has gotten foot fungus from showering in them. He has terrible hemorrhoids which have never been properly treated; he needs surgery. He has been provided with ointment, but it has not cured his condition. Plaintiff contends that he is never provided with adequate medical care for any of his medical problems, including high blood pressure, fungus, and hemorrhoids.

Plaintiff contends that he is fed an insufficient amount of food and has lost excessive amounts of weight while housed at EMCF. The portions provided are very small, and the food is served cold.

Plaintiff also complains that the ARP process at EMCF is unacceptable. Lee Carmichael is the ARP coordinator, and she predetermines the ARPs and delays them. Plaintiff contends that he is unable to exhaust his complaints due to way the ARP system is handled.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

In the event a trial is conducted in this cause, defense counsel shall obtain Plaintiff's medical records and jail files. Copies should be provided to Plaintiff at least twenty days prior to any trial conducted, and Defendants shall provide authenticated copies of same to be admitted at trial.

Plaintiff filed a motion to amend [#13] requesting that he be allowed to more fully describe his claims against Defendant Cox, Frederick Young, Lee Carmichael, and Norman Windham. Because no new Defendants were added, the motion is HEREBY GRANTED, and the claims shall be considered. Plaintiff filed a motion to amend [#17] requesting to add a new Defendant, Christy Covert. It is questionable as to whether a constitutional claim has been stated against Ms. Covert, and this case is already nearly unmanageable due to the fact that Plaintiff originally named 26 defendants. If Plaintiff wishes to proceed against Ms. Covert, he should file a new complaint. His motion to amend to add her [#17] is HEREBY DENIED.

3

Plaintiff filed a "Motion to Quash Dismissal of Defendant" Willie Ruffin [#8]. However, at the omnibus hearing, Plaintiff stated that he did wish to dismiss Mr. Ruffin from the lawsuit. Therefore, his Motion to Quash the dismissal is HEREBY DENIED, and Mr. Ruffin shall be dismissed.

Plaintiff had requested that he be allowed to dismiss Defendants BART GRIMES, ROBERT GRUBBS, and CLYDE REW. By Text Only Order, these persons were dismissed. However, it is unclear from the omnibus hearing whether or not Plaintiff actually intended to dismiss these persons. He should notify the Court of his intentions in this regard.

By Motion to Dismiss [#20] filed July 17, 2009, Plaintiff requested to dismiss Sandra Atwood as a defendant. There being no objection to the relief sought, Ms. Atwood shall be dismissed via Plaintiff's motion, and the motion is HEREBY GRANTED.

Plaintiff filed a motion for copies at government expense [#10], asking that the Court send copies of all documents filed in this case so that he could see if the Court had received them. This is an unnecessary expense, and the motion is HEREBY DENIED. Unless Plaintiff can limit his request to documents specifically needed, or submits the copying fees charged by the Clerk of the Court, no free copies shall be provided. If all pro se litigants were provided free copies of the documents filed by them, the burden and expense would be prohibitive.

### 3. **TRIAL WITNESSES**

Plaintiff may name up to three inmate witnesses, and the Court will secure their presence at any trial to be conducted in this cause as long as they are incarcerated in the

4

custody of MDOC.  Plaintiff should submit his witness list and exhibit list to the Court on or before October 21, 2009.

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause.  Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness.  The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order.   Plaintiff has requested that his case be heard by a jury, and he has not consented to the trial being conducted by a Magistrate Judge.  Accordingly, his trial shall be set on the docket of District Judge Henry T. Wingate at a later date.

IT IS, THEREFORE, ORDERED:

1. All motions, both dispositive and non-dispositive, shall be filed on or before September 21, 2009.  Plaintiff shall submit his witness and exhibit list on or before October 21, 2009.

2. On or before August 17, 2009, Plaintiff shall inform the Court as to whether he intended to dismiss BART GRIMES, CLYDE REW, and ROBERT GRUBB from this suit.   Plaintiff has voluntarily requested to dismiss

OZELLA KELLY, WILLIE RUFFIN and SANDRA ATWOOD, and they are hereby dismissed pursuant to Plaintiff's unopposed motions.

SO ORDERED, this the 27th day of July, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE